Tara Keller, Esq., CA #265916
CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing, NY 11367
T: 718-874-6929
E: tkeller@consumerattorneys.com

*Attorneys for Plaintiff*
*Gavin Lee Dellinger*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| GAVIN LEE DELLINGER,<br><br>Plaintiff,<br>vs.<br><br>EXPERIAN DATA CORP. d/b/a EXPERIAN RENTBUREAU,<br><br>Defendants. | Case No.: 8:26-cv-762<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff brings this Complaint against Experian Data Corp., d/b/a Experian RentBureau ("Experian") and alleges, as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

## PARTIES

2. Plaintiff Gavin Lee Dellinger ("Plaintiff") resides in Lubbock, Texas,

and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

3. Experian is a consumer reporting agency and a California corporation doing business throughout the United States, including the State of California, and in this District. RentBureau is incorporated in Ohio, with a principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian can be served through its registered agent, C T Corporation System, located at 330 North Brand Boulevard, Glendale, California 91203.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this District under 28 U.S.C. § 1391(b).

## FACTS

### Plaintiff Applies for an Apartment with Top Flight Properties, LLC

6. In or about early 2025, Plaintiff began searching for a new home to share with his girlfriend and co-applicant, Kymberly Carter, and their two young children.

7. That same month, Plaintiff found a suitable duplex apartment managed by Top Flight Properties LLC ("Top Flight Properties").

8. In or around January 2025 Plaintiff completed and submitted a lease application to Top Flight Properties and paid an application fee.

9. Plaintiff provided Top Flight Properties with his personal identification information, including his Social Security number, and authorized it to obtain copies

of his credit files for their evaluation.

10. Upon information and belief, Top Flight Properties contracted with AppFolio to conduct tenant screening on prospective tenants to determine their eligibility for renting an apartment.

11. On or about January 31, 2025, Top Flight Properties ordered a consumer report on Plaintiff from AppFolio.

12. To create the consumer report ordered by Top Flight Properties, AppFolio requested and obtained consumer credit information about Plaintiff from Experian.

**Defendant Publishes Inaccurate Information about Plaintiff**

13. On or before January 31, 2025, Experian sold a consumer report to AppFolio.

14. The consumer report AppFolio obtained from Experian included an outstanding debt related to rental account that did not belong to Plaintiff.

15. Specifically, the report contained a $2,963 outstanding collection account for a lease at “Pecan Ridge - Waco / Monticello,” for which the listed move out date was October 2018, when Plaintiff was 16-years-old and residing in Louisiana.

16. Experian took no steps whatsoever to review, analyze, or audit the information it sold before selling a consumer report about Plaintiff to AppFolio.

17. Prior to selling the consumer report about Plaintiff, Experian did nothing

to reconcile the inconsistent information on the face of the credit report.

18. The rental account did not belong to Plaintiff.

19. At the time of the move-out date, October 2018, Plaintiff was a 16-year-old minor residing in Louisiana, and he was not involved with the Waco property.

20. Had Experian reviewed the basic identifying information available to them, specifically Plaintiff's date of birth, address, and the move out date, they would have determined that Plaintiff could not have legally entered into the lease at the move-out date, let alone prior to that date, and that the account was obviously not his.

21. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy of the credit information it published and maintained concerning Plaintiff.

22. On or about January 31, 2025, AppFolio published a consumer report to Top Flight Properties, which included Experian's false information, in response to Plaintiff's housing application.

23. In the consumer report it provided to Top Flight Properties, AppFolio included a rental tradeline that inaccurately attributed to Plaintiff a $2,963 debt for a lease at "Pecan Ridge - Waco / Monticello."

**Top Flight Properties Denies Plaintiff's Housing Application**

24. On or about January 31, 2025, Top Flight Properties received and reviewed a tenant screening report concerning Plaintiff, which was prepared by AppFolio using data supplied by Experian.

25. Shortly thereafter, Top Flight Properties contacted Plaintiff's co-applicant and girlfriend by phone and informed her that their rental application had been denied due to the inaccurate information contained in the report, specifically, the rental collection tradeline falsely attributing a $2,963 debt to Plaintiff.

26. Subsequently, Plaintiff obtained a copy of the tenant screening report and was shocked and distressed to discover that it included a $2,963 rental collection account for a property in Waco, Texas, a location where Plaintiff never resided.

27. Plaintiff immediately recognized the account as fraudulent and conducted his own investigation.

28. Plaintiff called the furnisher of the $2,963 rental collection account and learned that his uncle used his name and Social Security number for a lease without authorization while Plaintiff was a minor.

29. In fact, based on the date of the lease, Plaintiff was only about 13 or 14-years-old at the time the lease was entered into under his personal identifying information.

30. Despite the availability of this information to Defendant, Defendant never assured the accuracy of the identity theft information nor did it conduct a reasonable reinvestigation, even after Plaintiff alerted them to the obvious identity theft.

31. Plaintiff was panicked, confused, and overwhelmed by the realization that inaccurate and damaging information had been published to his prospective

landlord, not only jeopardizing his current housing opportunity but potentially affecting his ability to secure housing in the future.

32. The reported rental debt was plainly inconsistent with Plaintiff's history, and had Defendant performed even a minimal review of Plaintiff's identifying information, such as his date of birth and address history, Experian would have immediately recognized that Plaintiff could not have legally incurred the debt.

**Plaintiff Disputed the Misinformation**

33. On or about February 1, 2025, desperate to secure housing with Top Flight Properties and riddled with worry over the far-reaching impacts of the inaccurate information, Plaintiff disputed the reporting via email with AppFolio.

34. In the dispute, Plaintiff identified himself and disputed the reporting of a $2,963 rental collection account for "Pecan Ridge – Waco / Monticello," explaining that he had never resided at the property and was a minor at all relevant times.

35. Plaintiff explained that the debt was the result of identity theft committed by a family member and requested that AppFolio reinvestigate and remove the inaccurate rental account.

**Experian failed to Conduct a Reasonable Reinvestigation and Correct the Consumer Report**

36. On or about February 4, 2025, AppFolio confirmed receipt of Plaintiff's February 2025 dispute, and stated it had submitted the dispute to Experian for reinvestigation.

37. Upon information and belief, AppFolio contacted Experian concerning

Plaintiff's February 1, 2025 dispute.

38. Upon information and belief, Experian responded and verified the published inaccurate information on Plaintiff's tenant screening report as verified and accurate.

39. On or about February 6, 2025, AppFolio responded to Plaintiff's February 1, 2025, dispute by confirming that it had contacted Experian which verified the disputed information as accurate.

40. Experian did not issue a corrected consumer report to AppFolio or Top Flight Properties.

41. Had Experian conducted even a cursory review of the information on Plaintiff's consumer report, Experian would have realized that Plaintiff was a minor and resided in Louisiana, not Waco, Texas, at all relevant times.

42. Despite Plaintiff's dispute and Experian's obvious errors in reporting and the overtness of the fraud, Experian failed to conduct a reasonable reinvestigation of Plaintiff's February 1, 2025 dispute and failed to correct the disputed information in violation of 15 U.S.C. § 1681i(a)(1)(A).

43. Because Experian failed to issue a corrected consumer report, Top Flight Properties did not reconsider its decision to deny Plaintiff's housing application.

44. But for Experian's inaccurate consumer report, Plaintiff's housing application would have been approved, and Plaintiff would have been spared the

humiliation, embarrassment, and stress imposed upon Plaintiff to correct Experian's erroneous reporting.

45. Experian's false report cost Plaintiff a housing opportunity that would have met his young family's needs, including those attendants to affordability, safety, and proximity to work, friends, and family.

46. Plaintiff was looking forward to living at the duplex managed by Top Flight Properties because it offered a stable, family-friendly environment suited to the needs of his young children. The property was within his budget, provided sufficient living space, and was located in a safe neighborhood that would have supported his work and family responsibilities.

47. Due to Experian's unreasonable procedures and shoddy - if any - dispute reinvestigation, and the denial of his rental application, Plaintiff missed work, lost income, and incurred unexpected moving difficulties.

48. Plaintiff lost his application fee for the Top Flight Properties apartment and his move was a lot more rushed and stressful than it had to be. The denial delayed his move, forcing him to relocate without assistance and resulting in physical injury from lifting heavy items, including a refrigerator. The disruption also strained his relationship with his girlfriend and co-applicant, causing instability for their two young children.

49. The injuries suffered by Plaintiff as a direct result of Experian's erroneous reporting are the type of injuries that the FCRA was enacted to address.

50. As a result of Experian's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to correct the consumer report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

## COUNT I
## Violations of 15 U.S.C. § 1681e(b)

51. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

52. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

53. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

54. The above-mentioned tenant screening report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

55. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

56. As a result of Defendant's violations of the FCRA, Plaintiff has suffered

a range of actual damages as described herein.

57. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

58. Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **COUNT II**
## **Violation of 15 U.S.C. § 1681i**

59. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

60. The FCRA mandates that a CRA must conduct a reinvestigation of the accuracy of information "if the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1). The FCRA imposes a 30-day time limit for the completion of such an investigation. *Id*.

61. The FCRA provides that if a CRA conducts a reinvestigation of disputed information and confirms that the information is in fact inaccurate or is unable to verify the accuracy of the disputed information, the CRA is required to delete that

item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

62. On at least one occasion in February 2025, Plaintiff disputed the inaccurate rental account with AppFolio and requested that it correct or delete the information from his tenant screening report. The disputed rental account falsely attributing a $2,963 rental collection to Plaintiff was patently inaccurate, misleading, and highly damaging, as it resulted from identity theft and related to a lease entered when Plaintiff was a minor.

63. Upon information and belief, AppFolio contacted Experian in response to Plaintiff's February 1, 2025 dispute.

64. In response to Plaintiff's dispute, Experian failed to conduct a reinvestigation, or its investigation was so shoddy that Experian allowed patently and obviously false, logically inconsistent, and damaging information to remain in the consumer report and refused to correct the consumer report.

65. Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate; by failing to delete the disputed inaccurate information from the subject consumer report; by failing to follow reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

66. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages as described herein.

67. Defendant willfully violated 15 U.S.C. § 1681i in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

68. Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief: (i) determining that Defendant negligently and/or willfully violated the FCRA; (ii) awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA; (iii) awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and (iv) granting further relief as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: March 30, 2026

*/s/ Tara Keller*

Tara Keller, Esq., CA #265916
CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing, NY 11367
T: 718-874-6929
E: tkeller@consumerattorneys.com

*Attorneys for Plaintiff*
*Gavin Lee Dellinger*